UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TIMOTHY JOHN DONOVAN,

    Petitioner,

v.                                         Case No. 3:21-cv-1027-MCR-MJF

RICKY D. DIXON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Timothy John Donovan has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, with a supporting memorandum. Docs. 1, 2. Respondent ("the State") moves to dismiss the petition as untimely. Doc. 10. Donovan opposes the motion. Doc. 18. The undersigned concludes that no evidentiary hearing is required for the disposition of this matter, and that Donovan's petition should be dismissed as untimely.[1]

### I. BACKGROUND AND PROCEDURAL HISTORY

On May 11, 1979, Donovan, then 16-years old, murdered Theresa Kay Moore by stabbing her repeatedly and cutting her throat with a knife. Doc. 10-1, Ex. A

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

(Indictment); Ex. G at 63 (Disposition Order).² In Escambia County Circuit Court Case No. 1979-CF-1310, Donovan was indicted for first-degree premeditated murder. *Id*. The jury found Donovan guilty as charged, Ex. B, and recommended a sentence of life imprisonment. Ex. C.

On January 17, 1980, the trial court sentenced Donovan to life imprisonment without the possibility of parole for 25 years. Ex. D. The Florida First District Court of Appeal ("First DCA") affirmed on July 9, 1981. *Donovan v. State*, 400 So. 2d 1306 (Fla. 1st DCA 1981) (per curiam) (copy at Ex. E). Donovan did not seek further direct review. Doc. 1 at 3-4.

On May 8, 2017, Donovan filed in the state circuit court a counseled motion for resentencing and/or judicial review of his sentence. Doc. 10, Ex. G at 71-72. Donovan's motion was based on *Miller v. Alabama*, 567 U.S. 460 (2012); *Atwell v. State*, 197 So. 3d 1040 (Fla. 2016); and Fla. Stat. §§ 775.082(1)(b), 921.1401 and 921.1402(2)b.³

---

² Citations to the state court record are to the electronically-filed exhibits attached to the State's motion to dismiss. Doc. 10. When a page of an exhibit bears more than one page number, the court cites the number appearing at the bottom center of the page.

³ In *Miller*, the Supreme Court held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 567 U.S. at 479. Thus, "a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles." *Id*. at 489; *see also Montgomery v. Louisiana*, 577

On April 18, 2018, the State filed a response stating that Donovan was entitled to resentencing under Florida's new juvenile resentencing statutes and Florida Rule of Criminal Procedure 3.781. Ex. G at 76. Subsequently, however, on October 20, 2018, the State filed another response after issuance of the Florida Supreme Court's opinion in *State v. Michel*, 257 So. 3d 3 (Fla. 2018). In *Michel*, the state supreme court held that a sentence of life with the possibility of parole after 25 years was not the equivalent of a life sentence and thus did not violate the Eighth Amendment of the United States Constitution or the holding in *Miller*. *See* Ex. G at 77-78; *see also Michel*, 257 So. 3d at 4.

Donovan's counseled reply argued that the decision in *Michel* did not control and that a parole hearing was not the equivalent of a resentencing proceeding contemplated by *Miller, supra*, or Florida' juvenile resentencing statutes. Ex. G at 91-98.

On December 21, 2018, the state circuit court denied Donovan's motion for resentencing or judicial review. Ex. G at 102-03. The state court concluded: "[G]iven Defendant's parole eligibility and the Florida Supreme Court's holding in *Michel*, the Court finds defendant is not entitled to resentencing or judicial review under

---

U.S. 190, 193-94 (2016) (describing *Miller*'s holding as "that a juvenile convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing.").

sections 921.1401 and 921.1402." Ex. G at 102 (citing *Franklin v. State*, 258 So. 3d 1239 (Fla. 2018)). The First DCA affirmed *per curiam* and without written opinion. *Donovan v. State*, No. 1D19-0402, 284 So. 3d 976 (Fla. 1st DCA 2019) (Table) (copy at Ex. J). The mandate issued December 23, 2019. Ex. M.

On September 7, 2020, Donovan file a *pro se* petition for writ of habeas corpus in the Florida Supreme Court, requesting that the court order either (1) the State to release him from custody or, (2) the trial court to conduct a juvenile resentencing under *Miller* and *Atwell*. Ex. N. The Florida Supreme Court denied Donovan's petition on October 28, 2020, as procedurally barred. Ex. O.

On June 1, 2021, Donovan filed a *pro se* petition for writ of habeas corpus in the First DCA, alleging ineffective assistance of postconviction appellate counsel in his appeal from the circuit court's order denying his motion for resentencing. Ex. P. On September 22, 2021, the First DCA dismissed the petition. *Donovan v. State*, No. 1D21-1819, 324 So. 3d 1284 (Fla. 1st DCA 2021) (copy at Ex. Q). The opinion stated:

> DISMISSED. *See* Fla. R. App. P. 9.141(d)(5); *Gilbert v. State*, 315 So. 3d 791, 791 (Fla. 1st DCA 2021) ("As Florida Rule of Appellate Procedure 9.141(d) does not provide a vehicle to challenge postconviction appellate counsel's ineffectiveness, the petition is dismissed.").

Ex. Q.

Donovan filed his *pro se* federal habeas petition on September 7, 2021. Doc. 1 at 20. Donovan's petition raises two claims: (1) his sentence violates the Due Process Clause of the Fourteenth Amendment; and (2) his sentence violates the Equal Protection Clause of the Fourteenth Amendment. *Id*. at 9-11; Doc. 2 at 5-9. Donovan states that he raised both claims in his counseled motion for resentencing, but the issues were not presented in his postconviction appeal because his appellate counsel was ineffective. Doc. 1 at 9-11.

The State asserts that Donovan's petition is time-barred under 28 U.S.C. § 2244(d)(1). Doc. 10. The State explains that the petition was filed more than one year after Donovan's judgment became final; more than one year after the Supreme Court decided *Miller*; and more than one year after *Miller* was made retroactively applicable on collateral review. *Id*. at 6-10.

Donovan maintains that his petition is timely, because his state habeas petition filed in the Florida Supreme Court was his only avenue to raise his Fourteenth Amendment challenges to his sentence, and his § 2254 petition was filed within one-year of the state supreme court's denial of his petition on October 28, 2020. Doc. 18 at 3.

## II. Discussion

**A.     The Federal Habeas Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Donovan's § 2254 petition, because the petition was filed after the AEDPA's effective date—April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

The timeliness of Donovan's petition is not controlled by § 2244(d)(1)(B) or (D). Donovan does not assert that an unconstitutional State-created impediment to filing his federal habeas petition existed, nor do his claims rely on newly discovered facts. Instead, Donovan's claims rely on the new constitutional rule announced in *Miller, supra*, and Florida caselaw applying that rule. Doc. 2 at 5-9. Accordingly, the statute of limitations is measured from one of the two remaining triggers, whichever produces the later date.

**B.     Donovan's Petition Is Untimely Under 28 U.S.C. § 2244(d)(1)(A)**

Donovan's judgment became "final" for purposes of § 2244(d)(1)(A), in 1981, when the time for pursuing further direct review expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that for petitioners who do not pursue direct review all the way to the United States Supreme Court, their judgments become final for purposes of § 2244(d)(1)(A), "when the time for pursuing direct review in this Court, or in state court, expires.").

Because Donovan's judgment became final before the effective date of the AEDPA, he had until April 24, 1997 to file his § 2254 petition, absent tolling. *See Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998) (holding that federal prisoners convicted before the AEDPA's effective date must be given a "reasonable time" to file a § 2255 motion, which is one year from the Act's effective date); *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998) (same in

the context of a § 2254 petition); *Moore v. Campbell*, 344 F.3d 1313, 1319-20 (11th Cir. 2003) (holding that Federal Rule of Civil Procedure 6(a) applies to the one-year grace period pertinent to petitioners whose convictions became final before the enactment of the AEDPA, and that the time for such petitioners to file a § 2254 petition expires on April 24, 1997).

Donovan did not file any application that qualified for statutory tolling under 28 U.S.C. § 2244(d)(2), during that critical one-year period. Donovan's state postconviction applications filed between 2017 and 2021 did not toll the limitations period, or restart it, because they were filed after the limitations period expired. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Under § 2244(d)(1)(A), Donovan's § 2254 petition filed on December 7, 2021, is untimely by over 40 years.

C.      **Donovan's Petition Is Untimely Under 28 U.S.C. § 2244(d)(1)(C)**

Section 2244(d)(1)(C)'s trigger runs "from . . . the date on which the constitutional right asserted *was initially recognized by the Supreme Court*, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" § 2244(d)(1)(C) (emphasis added). Both of Donovan's claims assert that he has a constitutional right to be resentenced based

on the Supreme Court's decision in *Miller v. Alabama, supra*. Doc. 2. In *Montgomery v. Louisiana*, 577 U.S. 190 (2016), the Supreme Court made the constitutional right initially recognized in *Miller* retroactively applicable to cases on collateral review. *Montgomery*, 577 U.S. at 212 (holding that *Miller* announced a new substantive constitutional rule that is retroactive to juvenile offenders whose convictions and sentences were final when *Miller* was decided).

In *Dodd v. United States*, 545 U.S. 353 (2005), the Supreme Court confronted the question whether 28 U.S.C. § 2255(f)(3)6—a provision with language substantively identical to § 2244(d)(1)(C)—required a federal prisoner to submit his motion to vacate under § 2255 either (1) one year from "the date the Supreme Court initially recognize[d] the right," or (2) one year "from the date on which the right asserted was made retroactively applicable to cases on collateral review." 545 U.S. at 356–57. The Court chose the former interpretation. "[A] federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion." *Dodd*, 545 U.S. at 358–59. The Court reasoned that its construction was consistent with the plain meaning of the statute: "We believe the text of [§ 2255(f)(3)] settles this dispute. It unequivocally defines one, and only one, date from which the 1-year limitation period is measured: 'the date on which the right asserted was initially recognized by the Supreme Court.'" *Dodd*, 545 U.S. at 357.

The Supreme Court's reasoning in *Dodd* applies with equal force to the nearly identical text of § 2244(d)(1)(C). *See Berry v. Whitten*, 827 F. App'x 860, 864 (10th Cir. 2020) ("In *Dodd v. United States*, . . . the Supreme Court rejected [the petitioner's] textual argument in the context of an identically worded statute."); *James v. Jones*, 2018 WL 3544344, at *7 (S.D. Fla. June 25, 2018) ("Under AEDPA, the one-year limitations period for a § 2244(d)(1)(C) motion, based on [a] Supreme Court decision, runs from the date of the Supreme Court's decision—not the date on which it was declared retroactive to cases on collateral review."); *cf. Gonzalez*, 565 U.S. at 149 (applying a prior decision interpreting § 2255(f)(1) to "the similar language of § 2244(d)(1)(A)").

The Supreme Court's *Miller* decision is dated June 25, 2012. *See Miller*, 567 U.S. 460 (2012). For Donovan's claims to be timely, then, Donovan had to file his § 2254 petition on or before June 26, 2013. *See Dodd*, 545 U.S. at 358–59 (holding that when the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion;" adding that, because the prisoner did not file his motion until more than one year after the relevant Supreme Court decision, the motion was untimely); *see also, e.g., Weeks v. United States*, 382 F. App'x 845, 848 (2010) ("Weeks' § 2255 motion was based on the Supreme Court's holding in *Santos*, which was decided on 2 June 2008. Because Weeks filed his § 2255 motion

within one year of that date, on 1 June 2009, his motion met the one-year filing deadline.").

Donovan did not file anything in state court during that critical one-year period between June 25, 2012 and June 26, 2013. His state-court motion for resentencing was not filed until 2017. Because that motion and Donovan's later state-court applications were filed after the federal habeas limitations period expired, none of them qualify for statutory tolling under § 2244(d)(2). *Webster*, 199 F.3d at 1259.

Donovan's § 2254 petition, filed on September 7, 2021, is untimely under § 2244(d)(1)(C), by more than 8 years.

D.  **Donovan's Untimely Petition Should Be Dismissed**

Donovan does not allege that he is entitled to equitable tolling or any other exception to the limitations bar. Instead, Donovan argues that the limitations period did not begin to run until he exhausted his state postconviction remedies. Under this theory, Donovan claims that his petition is timely because it was filed within one year of the Florida Supreme Court's denial of his state habeas petition on October 28, 2020. Doc. 18 at 2-3. Donovan's argument fails, because his proposed interpretation of § 2244(d) is contrary to the plain language of the statute.

Courts are required to construe statutes in a manner that is consistent with the intent of Congress as expressed in the plain meaning of the statute's text. *Stansell v.*

*Revolutionary Armed Forces of Colombia*, 704 F.3d 910, 915 (11th Cir. 2013) ("Our analysis must begin with the language of the statute."); *see also CBS Inc. v. PrimeTime 24 Joint Venture*, 245 F.3d 1217, 1222 (11th Cir. 2001) ("[W]e begin our construction of a statutory provision where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."). The most persuasive evidence of Congressional intent is the wording of the statute. *Perry v. Commerce Loan Co.*, 383 U.S. 392, 400 (1966).

Section 2244(d)(1) enumerates four events that trigger the commencement of the limitations period. The exhaustion of state court remedies (i.e., the completion of state postconviction proceedings) is not one of those events. Although state postconviction proceedings may affect the tolling of the limitations period, *see* § 2244(d)(2), they do not affect the date on which the limitations period commences. *See Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that the limitations period for a state prisoner to file his federal habeas petition began to run on the date his conviction became final by the conclusion of direct review, not on the date he exhausted all state postconviction remedies: "The plain language of the statute indicates that an application for state post conviction or other collateral relief does not serve to delay the date on which a judgment becomes final. Rather, such limitations merely toll the running of the statute of limitations.").

For all of the reasons discussed above, the undersigned concludes that Donovan's federal habeas petition is untimely and should be dismissed.

### III.   CERTIFICATE OF APPEALABILITY IS NOT WARRANTED

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Respondent's motion to dismiss, Doc. 10, be **GRANTED**.

2. The petition for writ of habeas corpus (Doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Timothy John Donovan*, Escambia County Circuit Court Case No. 1979-CF-1310, be **DISMISSED WITH PREJUDICE** as time-barred.

3. The District Court **DENY** a certificate of appealability.

4.      The clerk of court close this case file.

At Pensacola, Florida, this <u>29th</u> day of March, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**